UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JOSEPH EUGENE BOWEN ]
    Plaintiff, ]
]
v. ]   No. 1:13-0065
]   JUDGE HAYNES
GILES COUNTY JAIL, et al. ]
    Defendants. ]

## MEMORANDUM

Plaintiff, Joseph Eugene Brown, an inmate at the Giles County Jail in Pulaski, Tennessee, filed this action under 42 U.S.C. § 1983 against the Defendants: the Giles County Jail and Teresa Mattox, an employee at the Jail. Plaintiff seeks injunctive relief and damages arising out of an assault on him by a state prisoner.

According to his complaint, Plaintiff was a county prisoner when a state prisoner at the Giles County Jail attacked him on April 3, 2012. As a result of this attack, Plaintiff had to be flown to a medical facility for an injury to his brain that required surgery. After the assault, Plaintiff was later released, but returned to custody at the Giles County Jail on March 1, 2013. Since his return, Plaintiff alleges that "they have discriminated against me ......and I was even told by a C/O that the reason I was denied trustee job or any other credits was because I cost the jail a lot of money when I was injured." Plaintiff seeks damages for his medical expenses and injunctive relief to segregate state prisoners and to inspect the jail.

As a threshold issue, a county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991); *see also* Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983). Yet, as a *pro se* pleading, the Court must give Plaintiff's complaint a liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). A pro se Plaintiff must plead more than bare legal conclusions, Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996), and must meet the basic pleading requirements for a complaint to state a cognizable claim for relief. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff must allege facts that identify a right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

Plaintiff's allegations could state a claim against Giles County, the entity responsible for the operation of its jail. For Giles County to be liable, Plaintiff must allege facts suggestive of a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county that violated his constitutional rights. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). A sheriff's acts in his official capacity are acts of the county. Brandon v. Holt, 469 U.S. 464, 471-72 (1985). The County owes a legal duty under the Eighth and Fourteenth Amendments to protect the personal safety of inmates, Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); Thompson v. County of Medina, Ohio, 29 F.3d 238, 242 (6th Cir. 1994). Plaintiff's allegations of the non segregation of state and county inmates and a state inmate's attack on him that required brain surgery are suggestive of a policy not to segregate state prisoners convicted of serious crimes from county prisoners convicted of lesser crimes. See Walker v. Norris, 917 F.2d 1449, 1453 (6th Cir. 1990); Roland v. Johnson, 856 F.2d 764 (6th Cir. 1988). Thus, the Court concludes these factual allegations

state a claim against Giles County under the Eighth Amendment.

As to Defendant Mattox, Plaintiff does not identify Mattox by name in his statement of facts. Thus, the Court concludes that Plaintiff has failed to state a claim against Defendant Mattox and those claims should be dismissed.

An appropriate Order filed herewith.

**ENTERED** this the 16th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court